UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARGARET HALL,

    Plaintiff,

v.                                              Case No. 8:23-CV-1176-KKM-TGW

SANOFI-AVENTIS U.S. LLC,
and SANOFI US SERVICES, INC.

    Defendants.
_____/

**JOINT STATEMENT OF CASE**

Defendants Sanofi US Services, Inc. and Sanofi-Aventis U.S., LLC ("Sanofi") and Plaintiff, Margaret Hall provide the following Status Report pursuant to the Court's May 30, 2023 Order (D.E. 14).

**1. MDL 2740 AND THE INSTANT CASE.**

On October 4, 2016, pursuant to 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation created *In re: Taxotere (Docetaxel) Products Liability Litigation*, MDL 2740, in the United States District Court, Eastern District of Louisiana, before The Honorable Jane Triche Milazzo, to coordinate pretrial discovery among thousands of individually-filed product liability actions against manufacturers of the chemotherapy drug docetaxel (Taxotere), including Sanofi.[1] Plaintiffs in MDL 2740 are women who allegedly sustained permanent hair loss after they used a regimen of

---

[1] D.E. 5-115 (Case Management Order ("CMO") 39: Summary of MDL 2740 Proceedings Upon Suggestion of Remand or Transfer) at 8.

chemotherapy drugs, including Taxotere, to treat their breast cancer. Plaintiffs assert products liability claims against Sanofi (and other manufacturers of the drug) alleging that Taxotere was defective because it failed to warn about permanent hair loss associated with the drug.

On May 12, 2023, the MDL Court found that the "purposes behind consolidation [had] been served," and transferred 81 "Wave 1" cases to "the appropriate district courts" in accordance with 28 U.S.C. § 1404, including five cases transferred to this District Court.[2] In each of these 81 cases, including this case, limited case-specific discovery has been completed.

Approximately 6,500 cases—in which Sanofi is the sole named defendant—remain pending in the MDL. The MDL Court has recently stated its intent to transfer these remaining cases in randomly selected groups of 1,000 cases to federal district courts across the country every 45 days, or so, beginning in the near future. While it is unknown precisely how many of these cases will be transferred to the Middle District of Florida in the future, up to 348 cases still pending in the MDL are eligible for such transfer. Plaintiff, Margaret Hall, was treated with Taxotere in conjunction with one

---

[2] D.E. 7 (Transfer Order) at 1-2. The other cases recently transferred to the Middle District of Florida are *Carol Allain v. Sanofi US Services, Inc., et al.*, Case No. 6:23-cv-00992-CEM-RMN; *Charlotte Bumgarner v. Sanofi US Services, Inc.*, Case No. 8:23-cv-01178-MSS-SPF, *Betsy Primacio v. Sanofi US Services, Inc., et al.*, Case No. 8:23-cv-01202-MSS-CPT, and *Sarah Tomlinson v. Sanofi-Aventis U.S. LLC*, Case No. 3:23-cv-00645-MMH-MCR.

4892-4326-1291

other chemotherapy drug, Cytoxan, between March 2010 and June 2010.[3] She filed her case in MDL 2740 on October 2, 2019.[4]

## 2. STATUS OF DISCOVERY IN MDL 2740 AND THE *HALL* CASE

General MDL discovery directed at Sanofi—which resulted in the production of more than 6.3 million pages of documents, depositions of dozens of current and former Sanofi employees, and responses to more than 160 written discovery requests—concluded in the MDL on December 15, 2018.[5] While this body of general discovery remains available to plaintiffs for use in cases remanded from MDL 2740, no additional discovery against Sanofi shall be permitted post-remand.[6]

**Defendant's Position:**

In all or nearly all of these remaining cases no case-specific discovery has been conducted. To date, minimal case-specific discovery has been conducted in this case. Only the Plaintiff and her prescribing physician, medical oncologist Dr. Lewis Auerbach, have been deposed. With respect to additional discovery that remains, Sanofi intends to (i) take additional depositions of treating healthcare providers and other fact witnesses, (ii) conduct further records collection specific to Plaintiff, and (iii) serve additional written discovery specific to Plaintiff. Further, because of individualized medical issues, the parties will require case-specific experts and expert

---

[3] D.E. 1 (Pl.'s Short Form Compl.) at 4.

[4] *See generally* D.E. 1 (Pl.'s Short Form Compl.).

[5] D.E. 5-115 (CMO 39) at 8.

[6] *Id.*

discovery. Previous cases preceding to trial completed between 20 and 30 depositions, whereas here, only two have been conducted so far.

The MDL proceedings did not entail a medical proof of injury requirement, and Ms. Hall, like the vast majority of MDL plaintiffs, does not have a diagnosis of clinically-significant hair loss, let alone hair loss caused by one chemotherapy medicine—as opposed to others—or as compared to the many effects on women's hair as they age and with hormonal changes. *See* D.E. 7 at 38 ("Approximately 80 percent of MDL Plaintiffs do not have medical evidence of their alleged hair loss injury or causation."); 62 ("this Court did not enter any inventory-wide medical diagnosis order. As a result, case-specific expert discovery likely will require dermatology experts to corroborate each Plaintiff's claim that she experienced PCIA caused by Taxotere."). The Court should allow the parties sufficient time to conduct this and any other necessary fact and expert discovery.

**Plaintiff's Position:**

While Plaintiff agrees that case-specific expert discovery is needed, she disagrees with Sanofi regarding the extent of case-specific fact discovery still needed in this case. Plaintiff has already answered written discovery in the form of an MDL-ordered Plaintiff Fact Sheet, which contained 184 questions, including sub-parts, and twenty-eight document requests. This surpasses the default limit of twenty-five interrogatories provided by the Federal Rules of Civil Procedures. Plaintiff also produced authorizations for the release of information in January 2020, and Sanofi

has used those authorizations to obtain approximately 950 pages of medical records. As such, additional written discovery and document collection is unnecessary.

Plaintiff also disagrees that a significant number of case-specific depositions are still needed. The MDL Court established protocols for preserving general causation expert testimony by video for potential use in remanded cases.[7] As such, Plaintiff only anticipates the need for case-specific expert depositions and perhaps a few of Plaintiff's friends and family members, if Sanofi wishes to take such depositions. For example, in one of Plaintiff's Counsel's MDL cases that made it to the Summary Judgment phase, a total of six non-expert depositions were taken, including the plaintiff, her husband, son, daughter-in-law, prescribing physician, and dermatologist.

Despite the significant general discovery being conducted in the MDL, Plaintiff has not yet been afforded an opportunity to serve case-specific Interrogatories, Requests for Production of Documents, or Requests for Admission on Sanofi. Plaintiff requests that this be included in the schedule issued by this Court.

### 3. STATUS OF MOTION PRACTICE IN MDL 2740

There have been no case-wide dispositive rulings in the MDL Court, whether on preemption or medical causation or statute of limitations. The MDL Court has disposed of cases involving treatment before December 2006 in a decision applying Louisiana law and the remaining cases are now ripe for application of the laws of the remaining states. *See In re: Taxotere (Docetaxel) Products Liab. Litig.*, No. 16-md-2740,

---

[7] D.E. 5-108 (CMO 36 – Preservation of General Expert Testimony)

4892-4326-1291

2020 WL 3487594, at *5 (E.D. La. June 1, 2020). The MDL Court also precluded all lawsuits after the Taxotere label changed in December 2015. *See In re: Taxotere (Docetaxel) Prod. Liab. Litig.*, 462 F. Supp. 3d 650, 654 (E.D. La. 2020).

The MDL Court granted judgment on the pleadings based on the applicable statute of limitations in all Mississippi cases with facially untimely complaints—though it declined to rule on similar motions based on state law from outside the Fifth Circuit. *See In re: Taxotere (Docetaxel) Prod. Liab. Litig.*, No. 18-11728, 2021 WL 230243, at *5 (E.D. La. Jan. 22, 2021), *appeal dismissed sub nom. Greer v. Sanofi U.S. Servs., Inc.*, No. 21-30099, 2021 WL 3674122 (5th Cir. June 17, 2021); *In re: Taxotere (Docetaxel) Prod. Liab. Litig.*, No. 2:16-md-02740, Doc. 15322 (E.D. La. Dec. 29, 2022); Transfer Order, at 26–27. The Fifth Circuit, for its part, has found that publicly available internet, media, and medical sources alleging a connection between Taxotere and persisting hair loss as early as 2006 would have alerted a reasonably diligent Plaintiff to her potential claims. *See* Transfer Order, at 31–32 (*citing In re: Taxotere (Docetaxel) Prod. Liab. Litig.*, 995 F.3d 384, 393–94 (5th Cir. 2021) (affirming summary judgment on limitations grounds in three cases); *see also In re: Taxotere (Docetaxel) Prod. Liab. Litig.*, 860 F. App'x 886 (5th Cir. 2021) (affirming summary judgment on limitations grounds in one case).

**Sanofi's Position:**

Sanofi's position is that early dispositive motion practice—prior to additional discovery—offers the most direct and efficient path for addressing the merits of this

6

case individually. Sanofi believes that testimony from Dr. Auerbach precludes this lawsuit from proceeding as a matter of law on the basis of the learned intermediary doctrine and because the benefits of Taxotere in fighting her breast cancer outweighed the risks to her—in addition to other case facts. Sanofi also believes that testimony from Plaintiff renders the filing of this action untimely under the applicable statute of limitations. To preserve resources, Sanofi also requests leave to file more than one summary judgment motion, if needed.

**Plaintiff's Position:**

A standard schedule, in which summary judgment follows the close of discovery, is appropriate in this case. Early motion practice risks redundancy, especially given the possibility of an incomplete record on which to base summary judgment. In fact, Plaintiff is unclear why Sanofi asserts that significant discovery and an eighteen month schedule are necessary in a case that it claims is ready for summary judgment motion practice.

**4. STATUS OF MEDIATION/SETTLEMENT EFFORTS**

The parties have engaged in informal settlement discussions, but to date have not been able to reach resolution of the matter. The parties have not engaged in any formal mediation with a mediator or Magistrate Judge.

## 5. CONSENT TO MAGISTRATE

The Parties do not consent to a Magistrate Judge.

## 6. PROPOSED TRIAL DATE AND DEADLINES FOR DISPOSITIVE MOTIONS AND *DAUBERT* MOTIONS

**Sanofi's Position:**

Sanofi asserts that the case is currently not ready for trial and much work will need to be done before this case would be ready for trial. The parties will need to complete extensive briefing and discovery, including records collection, written discovery on Plaintiff, depositions of fact witnesses, depositions of treating healthcare providers, and expert discovery. Sanofi believes the parties will need a minimum of eighteen months to prepare the case for trial.

In light of the above, Sanofi requests that the Court not set deadlines or enter a scheduling order until they can address the Court on this case and the litigation generally. If the Court is inclined to set deadlines at this time, Sanofi seeks a schedule that provides for early dispositive motions and briefing based on the existing case record and before any further discovery, as Sanofi anticipates filing summary judgment based on statute arguments and existing testimony described above. If that summary judgment motion is denied, then Sanofi proposes opening fact discovery for

a 10-month period following the Court's ruling, given the outstanding case-specific discovery. Accordingly, Sanofi proposes the following initial deadlines in this matter:

  (1) Early Dispositive Motions – August 11, 2023

The following deadlines are based on the date of a decision on Sanofi's Early Dispositive Motion(s) (if such motions do not dispose of the lawsuit).

  (2) Completion of Fact Discovery – 10 Months

  (3) Completion of Plaintiff Expert Discovery – 12 Months

  (4) Completion of Defendant Expert Discovery – 13 Months

  (5) Plaintiff Expert *Daubert* Motions – 14 Months

  (6) Defense Expert *Daubert* Motions – 15 Months

  (7) All Other Dispositive Motions – 16 Months

  (8) Trial Date – 18 Months

Alternatively, if the Court does not wish to stay deadlines until there is a ruling on the MSJ, Sanofi proposes the following:

  (2) Completion of Fact Discovery – April 26, 2024

  (3) Completion of Plaintiff Expert Discovery – June 28, 2024

  (4) Completion of Defendant Expert Discovery – July 26, 2024

(5) Plaintiff Expert *Daubert* Motions – August 23, 2024

(6) Defendant Expert *Daubert Motions* – September 20, 2024

(7) All Other Dispositive Motions – October 18, 2024

(8) Trial Date – January 13, 2025

**Plaintiff's Position:**

Plaintiff's position is that only case-specific expert discovery and limited fact discovery are necessary to make this case trial-ready. Prior to trial, the parties will engage in motion practice and Sanofi will have its opportunity to make its arguments for summary judgment. Plaintiff's case has already been pending almost four years, and there is no compelling reason to add another eighteen months. The MDL Court has disposed of all of the parties' general *Daubert* motions, so only case-specific *Daubert* motions will need to be addressed. Plaintiff proposes the following schedule:

(1) Completion of Fact Discovery – September 8, 2023

(2) Completion of Plaintiff Expert Discovery – October 27, 2023

(3) Completion of Defendant Expert Discovery – December 1, 2023

(4) Plaintiff Expert *Daubert* Motions – December 15, 2023

(5) Defendant Expert *Daubert* Motions – January 5, 2023

(6) All Other Dispositive Motions – February 16, 2024

Under this schedule, the case would be trial-ready in spring of 2024 and could be set for trial in late spring or early summer 2024.

Should the Court wish to schedule a status conference to further to discuss these or any other matters, the parties will make themselves available at the Court's convenience.

Dated: June 20, 2023

Respectfully submitted,

*/s/ Brian T. Guthrie*
Brian T. Guthrie
Florida Bar No. 84232
SHOOK, HARDY & BACON LLP
100 North Tampa Street, Suite 2900
Tampa, FL 33602-5810
Telephone: (813) 202-7100
Facsimile: (813) 221-8837
Email: bguthrie@shb.com

Adrienne L. Byard (KS Bar No. 60843)
(*Pro Hac Vice Application Pending*)
SHOOK, HARDY & BACON
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
Email: abyard@shb.com

*Attorneys for Sanofi-Aventis U.S. LLC and Sanofi US Services Inc., f/k/a Sanofi-Aventis U.S. Inc.*

*/s/ Trevor B. Rockstad*
Trevor B. Rockstad (MSB No. 103614)
(Admitted *Pro Hac Vice*)
DAVIS & CRUMP, P. C.
2601 14th Street
Gulfport, Mississippi 39501
Telephone: (228) 863-6000
Facsimile: (228) 864-0907
trevor.rockstad@daviscrump.com

J. Robert Bell III, Esq.
Joseph A. Osborne, Esq.
Osborne & Francis, PLLC
925 S. Federal Hwy., Suite 175
Boca Raton, FL 33432
Tel: (561) 293-2600
Fax: (561) 923-8100
josborne@realtoughlawyers.com

*Attorneys for Plaintiff Margaret Hall*

4892-4326-1291