**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARGARET HALL,

      Plaintiff,

v.                                              Case No. 8:23-CV-1176-KKM-TGW

SANOFI-AVENTIS U.S. LLC,
and SANOFI US SERVICES, INC.

      Defendants.

_____/

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE (DOC. 46)**

Plaintiff Margaret Hall respectfully responds to the Court's Order to Show Cause of

October 5, 2023 (Doc. 46) as follows:

**I.      The Plaintiff's good faith amount in controversy allegation satisfies the amount
in controversy requirement.**

The 28 U.S.C. § 1332 amount in controversy requirement is satisfied in this case because

the Plaintiff has plead "'an amount sufficient to satisfy the amount-in-controversy requirement in

good faith.'" *See Doane v. Tele Circuit Network Corp.*, 852 Fed. Appx. 404, 406 (11ᵗʰ Cir. 2021)

(quoting *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1342 (11ᵗʰ Cir. 2018). As the Court has

pointed out, the Second Amended Master Long Form Complaint (Doc. 5-26) alleges that "the

amount in controversy exceeds $75,000." This good faith allegation should not be second

guessed unless it "appears to a legal certainty that the claim is really for less than the

jurisdictional amount." *Id.*

There is no reason that the Plaintiff's amount in controversy allegation would appear to a

legal certainty to be less than $75,000.01. In fact, no one has challenged the Plaintiff's amount in

controversy allegation, including the Defendant Sanofi, nor is there any evidence to demonstrate

that the claim is for less than the jurisdictional amount. To the contrary, Sanofi removed several

Taxotere cases from California state court to federal court and expressly argued that the amount

in controversy was satisfied. Ex. A, Notice of Removal, at ¶25.[1] In those cases, Sanofi argued

that it was "facially apparent from the Complaint that the amount in controversy exceeds

$75,000." *Id.* Further, Sanofi pointed to multiple "courts across the country that have routinely

held that cases involving serious personal injury, such as those alleged here, satisfy the amount

in controversy requirement." *Id.* As in these cases cited by Sanofi, the Plaintiff in this case has

alleged personal injury, including physical disfigurement. Short Form Complaint (Doc. 1).

Therefore, the parties are in agreement that the amount in controversy is greater than $75,000,

and Plaintiff's allegation is sufficient to satisfy the amount in controversy requirement.

**II.      Additional evidence supports an amount in controversy greater than $75,000.**

In addition to the Plaintiff's unchallenged amount in controversy allegation, Plaintiff has

also made a settlement demand that exceeds the $75,000 amount in controversy requirement. Ex.

B, Settlement Demand. A settlement offer is relevant to the amount in controversy question. *See*

*Webb. V. Dollar Tree Stores, Inc.*, No. CV421-178, 2022 U.S. Dist. LEXIS 30768, at *5 (S.D.

GA Feb. 22, 2022); *Ray v. GPR Hospitality LLC*, No. 1:14-cv-1309-CC, 2015 U.S. Dist. LEXIS

103615, *10-11 (N.D. GA August 7, 2015). While a settlement demand may be considered

posturing instead of a reasonable assessment of a plaintiff's claim, and therefore not compelling

evidence of the amount in controversy, that depends on the circumstances. *Webb*, 2022 U.S. Dist.

LEXIS 30768, at *5. In this case, the Plaintiff has already reduced her settlement demand over

---

[1] The plaintiffs in these removed cases sought remand based on a lack of diversity, Sanofi opposed remand, and the MDL Court denied the motions to remand. *See* MDL Doc. 4517. Thus, the MDL Court determined that the 28 U.S.C. §1332 amount in controversy requirement was satisfied.

the course of negotiations by $200,000. *See* Ex. B, Settlement Demand. Thus, the posturing is

over, and the current demand is a good faith assessment of the Plaintiff's case. *See, e.g.*, *GPR*

*Hospitality*, 2015 U.S. Dist. LEXIS 103615, at *10-11.

Further supporting an amount in controversy in excess of $75,000, other Taxotere

plaintiffs have demanded significantly more than $75,000 at trial. *See* Ex. C, *Kahn v. Sanofi* Trial

Transcript, pg. 2. At the conclusion of the trial of the *Kahn v. Sanofi* matter, the plaintiff asked

the jury to award her a total of $3,350,000. *Id.*

Finally, the Plaintiff's counsel stipulates that the Plaintiff will seek an amount in excess

of $75,000 at a trial of this matter. Ex. D, Rockstad Affidavit. The Court should give deference

to this stipulation in analyzing the amount in controversy question. *See Federated Mut. Ins. Co.*,

329 F.3d at 808 ("we give great deference to such representations and presume them to be

true."); *Webb*, 2022 U.S. Dist. LEXIS 30768, at *10 n. 4.

### III.   Caselaw addressing the amount in controversy requirement has limited application to personal injury cases seeking money damages.

Most of the caselaw regarding 28 U.S.C. § 1332's amount in controversy requirement

arises in cases seeking injunctive or declaratory relief and cases removed from state to federal

court. *See, e.g.*, *Sullivan v. Everett Cash Mut. Ins. Co.*, 2023 U.S. App. LEXIS 2762 (11th Cir.,

Feb. 3, 2023) (case removed from state to federal court); *Federated Mut. Ins. Co. v. McKinnon*

*Motors, LLC*, 329 F.3d 805 (11th Cir. 2003) (declaratory judgment action). It is difficult, and in

some respects impossible, to apply the analysis from these cases to a case filed directly in federal

court.

In cases involving removed cases, the plaintiff is challenging removal and seeking

remand, which creates a different dynamic than that in cases filed directly in federal court. For

example, the plaintiff may stipulate that she is seeking *less* than $75,000 in order to defeat

jurisdiction. *See Webb*, 2022 U.S. Dist. LEXIS 30768, at *2. On the other hand, cases requesting only injunctive or declaratory relief, and therefore not money damages, raise more complicated questions of the value of the amount in controversy. *See, e.g.*, *Fastcase, Inc.*, 907 F.3d at 1342-1343. In injunctive and declaratory relief cases, money damages are not directly at issue, so the court must determine the monetary value of the object of the litigation. *Id.* The parties likely have different perspectives on the value of the object of the litigation and the value may be relatively abstract, so this determination is complex. This type of analysis is not required in a personal injury case seeking money damages, such as the Plaintiff's case. As Sanofi pointed out in its notices of removal, the amount in controversy in a personal injury case is much more straightforward, and is really only limited by the jury's ultimate decision at trial.

## IV.    Conclusion.

The Plaintiff has made a good faith allegation sufficient to satisfy the amount in controversy requirement. This allegation should not be second guessed, especially where there is not a challenge or any evidence to demonstrate "to a legal certainty that the claim is really for less than the jurisdictional amount." *Doane*, 852 Fed. Appx. at 406. In addition to the Plaintiffs good faith amount in controversy allegation, there is also sufficient evidence that the amount in controversy exceeds $75,000, including the Plaintiff's settlement demand, prior trial demands in MDL cases, and a stipulation that the Plaintiff will request more than $75,000 from the jury at trial. Therefore, 28 U.S.C. §1332's amount in controversy requirement is satisfied and this Court has subject matter jurisdiction over this case.

WHEREFORE, Plaintiff respectfully prays for an Order deeming the information contained herein sufficient to establish subject matter jurisdiction, or, alternatively, grant a short period of time for Plaintiff to amend her jurisdictional allegations accordingly.

Dated: October 19, 2023

/s/Trevor B. Rockstad
Trevor B. Rockstad (MSB No. 103614)
(Admitted *Pro Hac Vice)*
DAVIS & CRUMP, P. C.
2601 14th Street
Gulfport, Mississippi 39501
Telephone: (228) 863-6000
Facsimile: (228) 864-0907
trevor.rockstad@daviscrump.com

J. Robert Bell III, Esq.
Joseph A. Osborne, Esq.
Osborne & Francis, PLLC
925 S. Federal Hwy., Suite 175
Boca Raton, FL 33432
Tel: (561) 293-2600
Fax: (561) 923-8100
josborne@realtoughlawyers.com

*Attorneys for Plaintiff Margaret Hall*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 19, 2023, a true and correct copy of the foregoing

was filed through the CM/ECF system, which will serve an electronic copy on all counsel of

record.

/s/ Trevor B. Rockstad
Trevor B. Rockstad
Counsel for the Plaintiff